**FILED**

May 23 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ CharityW          DEPUTY

Jocelyn Segura (*pro se*)
712 Colorado Ave
Chula Vista, CA 91910
(619) 847-3572

Plaintiff

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jocelyn Segura, an individual, | Civil Case No.: **'19 CV0971 DMS JLB** |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Miramar Professional Services, a California corporation, dba Mankind Dispensary | **TCPA 47 USC §227(b)(1)(A)** |
| | **TCPA 47 USC §227(c)(5)** |
| Defendant. | |

Plaintiff Jocelyn Segura ("Plaintiff"), complains against Defendant Miramar

Professional Services, a California corporation doing business as Mankind

Dispensary ("Mankind Dispensary") and alleges as follows:

## I.    INTRODUCTION

1.    Marijuana, aka Cannabis, is an illegal drug.  https://www.dea.gov/drug-

scheduling.

2.    Cannabis is listed as a Schedule I drug while cocaine and methamphetamine are Schedule II drugs.

3.    Selling illegal drugs (Schedule I) via the wires of the United States (texting) is illegal.

4.    Cannabis is a schedule I drug listed on the Controlled Substance Act.  See 21 USC §802.

5.    Defendant sells said illegal drug through massive spam texting campaigns.

6.    Sending a text advertisement requires the use of the wires of the United States.

7.    Cannabis is heavily regulated in California and requires strict adherence to advertising laws.

8.    Defendant did not put its BCC license number on any of its spam text advertising that Defendant sent to Plaintiff's cell phone.

9.    Local Rule 83.4 regarding civility and its prohibition against attorneys making derogatory statements about Plaintiff that disparages the intelligence, ethics, morals, integrity or behavior of Plaintiff Segura, applies to Defendant's attorney.

10.   Local Rule 83.4 can be found at:

https://www.casd.uscourts.gov/_assets/pdf/rules/Local%20Rules.pdf

11.    Defendant's attorney has read Local Rule 83.4 and agrees to not harass, intimidate, or disparage Segura in pleadings, via email or in written correspondence.

12.    Defendant's attorney is subject to and bound by California Business & Professions Code section 6128 regarding criminal deceit by an attorney.

13.    Defendant's attorney agrees to not commit criminal deceit in his or her dealings with Plaintiff.

14.    If Defendant's attorney makes any derogatory remarks in its pleadings toward Plaintiff, then Plaintiff will move for Rule 11 sanctions and will ask the Court to refer said attorney to the Federal Bar standing committee on discipline.

15.    Mankind Dispensary began harassing Plaintiff on or about May 11, 2019.

16.    Mankind Dispensary sent out over 10,000 text messages to San Diego cell phones (area code 619, 760 and 858) since January 1, 2019.  Defendant did not advance written consent from any of its victims to send said spam text advertising messages.

17.    Defendant or its hired and controlled agent sent nine spam text messages to Plaintiff's cell phone without consent and without permission.

18.    Plaintiff has never been to Defendant's place of business on 7128 Miramar road.

19.    Plaintiff has never been to any other place of business owned or controlled

by Defendant.

20.    Often telemarketers hirer controlled third parties to do their initial illegal texting in violation of the TCPA.  The initial lead source always plays coy and will not divulge who they are or who they are working for.  That in and of itself is a violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC §227(c)(5).  In this case, when Defendant sent the offending text messages, it was from a "spoofed" number, 337-214-2046.

21.    Defendant's Chief Operations Officer, Vera Levitt-Casey, stated that Defendant does not even recognize telephone number 337-214-2046, and yet on one spam text messages it included Defendant's complete business address on Miramar road, the web page mankindcannabis.com and a phone number.

22.    It is a crime to send a text message from a spoofed number to sell illegal drugs listed in 21 USC §802.

23.    The volume of illegal telemarketing texting in this country is skyrocketing. Something must be done.  Plaintiff is doing something about it.

24.    The Honorable District Judge Chad F. Kenney stated on May 1, 2019 in case number 18-cv-02071, *Shelton vs. Fast Advance Funding, LLC*: "Well, the only way this, this act is going to get any teeth in it at all is through a serial litigant."

25.    Judge Kenney was referring to the TCPA when he made this above statement on the record.  See attached.

26.   Defendant directly texted Plaintiff on her DNC registered cell phone in violation of the TCPA.

27.   The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant Miramar Professional Services.

28.   Miramar Professional Services has been illegally calling Ms. Segura, without her consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Ms. Segura brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage Miramar Professional Services, to change their ways.  To be clear, Plaintiff is suing Mankind Dispensary for the directly dialed calls.  There were other calls through lead generators but this lawsuit is for the direct autodialed calls.

29.   The Defendant will hand over the lead source in discovery.

## II. PARTIES

30.   Plaintiff Jocelyn Segura is a citizen of California who resides in California, in this District.

31.   Defendant Miramar Professional Services, a California corporation with its

corporate office in San Diego, California, and is registered in and doing business in California.  MANKIND DISPENSARY is managed by Ebon Johnson, Gana Gagnon, and James Schamachtenberger.

32.     Ebon Johnson is a shareholder and director of Miramar Professional Services dba MANKIND DISPENSARY.

33.     Dana Gagnon is an employee of MANKIND DISPENSARY, calls herself an Executive Chief Financial Officer and engages in telephone texting solicitations for and on behalf of MANKIND DISPENSARY.

34.     James Schmachtenberger has made hundreds of telemarketing solicitation calls on behalf of MANKIND DISPENSARY.

35.     Vera Levitt Casey is a telemarketing agent of MANKIND DISPENSARY. She is listed as an employee of Mankind Dispensary and the corporation Secretary. She calls herself the Chief Operations Officer.

36.     Kensuke Hanaoka sent an illegal spam text solicitation message to Plaintiff on behalf of Mankind Dispensary.

### III. JURISDICTION AND VENUE

37.     This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

38.     This Court has personal jurisdiction over MIRAMAR PROFESSIONAL

SERVICES because a substantial part of the wrongful acts alleged in this

Complaint were committed in California. For example, MIRAMAR

PROFESSIONAL SERVICES made illegal telemarketing robocalls to Ms. Segura,

while she was in California. Miramar Professional Services has also subjected

themselves to personal jurisdiction in California because they are running and

abetting said criminal operation. It is a crime to violate 47 USC §501 by violating

47 USC §227(b). Miramar Professional Services through their dba's and agents,

initiated the primary telemarketing texting to Plaintiff and then provided the lead to

Miramar Professional Services marketers and others within the organization in a

knowingly illegal manner.

39. Plaintiff was called on cell phone of 619-847-3572 by Miramar Professional

Services. Plaintiff was called multiple times beginning on or about May 2019,

from 337-214-2046, a number owned, used and controlled by Miramar

Professional Services and its agents, to send, deliver and transmit spam text

messages. The initial part of the text message was a picture of the illegal drug.

40. MANKIND DISPENSARY did not have consent or permission to call or

text Plaintiff.

41. Plaintiff has expressly stated exactly what phone number Defendant used to

call/text Plaintiff, as well as an exact date of one of the texts, to which number the

texts were made, what was said in the text and that the call was made with an

ATDS.  All of this meets the particularity requirements for a cause of action.

42.     Plaintiff's phone number is not a business phone.

43.     Plaintiff's phone is registered on www.donotcall.gov and was done so more than 31 days prior to the first call.

**IV. TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

44.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

45.     The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

46.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

47.     Plaintiff Segura alleges that Defendant Miramar Professional Services placed repeated automated telephone calls to Plaintiff Segura's cell phone (619-847-3572) from their phones and that the calls exhibited signs of being made with an Automated Telephone Dialing System, including repeated telemarketing calls to Plaintiff Segura within a period of time from May 1, 2019 to May 21, 2019 and that it was a text, which is commonly associated with an Automated Telephone Dialing System (ATDS).  Those allegations are true and are sufficient to establish the elements of a TCPA claim.

## V. STANDING

48.     The court must evaluate lack of statutory standing under the Rule 12(b)(6)

standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However,

because Plaintiff is proceeding pro se, her complaint "must be held to less stringent

standards than formal pleadings drafted by lawyers" and must be "liberally

construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming

standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded

that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same

and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42

(7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010);

*Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following

*Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint

liberally").

49.     Standing is proper under Article III of the Constitution of the United States

of America because Plaintiff's claims state:

        A. A valid injury in fact;

        B. which is traceable to the conduct of Defendant;

        C. and is likely to be redressed by a favorable judicial decision.  See,

                *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

50.     Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was texted on her cellular phone at least nine times by Defendant.  In fact, Plaintiff expressly informed Defendant to cease and desist from all future telemarketing.  Such calls/texts are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by Miramar Professional Services.   All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was

Plaintiff's phone that was called and it was Plaintiff who answered the calls. It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with Defendant and Plaintiff's attempt to avoid the damage by registering her number on the DNC Registry.

**The "Traceable to the Conduct of Defendant" Prong**

51.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendant. In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendant directly, or by Defendant's agent at the express direction and control of Defendant.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

52.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically

redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's

Prayers for Relief request injunctive relief to restrain Defendant from the alleged

abusive practices in the future. The award of monetary damages and the order for

injunctive relief redress the injuries of the past and prevent further injury in the

future. Because all standing requirements of Article III of the U.S. Constitution

have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff

has standing to sue Defendant on the stated claims.

53.   "…[C]ourts in the Ninth Circuit have held that "allegations of nuisance and

invasions of privacy in TCPA actions are concrete" injuries that establish standing.

See *Mbazomo v. ETourandtravel, Inc*., 16-CV-2229-SB, 2016 U.S. Dist. LEXIS

170186, 2016 WL 7165693, at *2 (E.D. Cal. Dec. 8, 2016).  In *Mbazamo*, the court

held that a violation of the TCPA represents a concrete injury because "[t]he

history of sustaining claims against both unwelcome intrusion into a plaintiff's

seclusion and unceasing debt-collector harassment are squarely 'harm[s] that [have]

traditionally been regarded as providing a basis for a lawsuit.'" *Mbazomo*, 2016

U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (quoting *Spokeo*, 136 S.Ct. at

1549-50). The court declined to follow Romero, explaining that Romero

"improperly erodes the pleading standard set under Fed. R. Civ. P. 8(a) . . . . A

plaintiff [need only] plausibly tie the alleged acts of the defendant to the alleged

harms suffered." Id. *Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016, No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS 175224, at *7-8.

54.    "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at

1549.  In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

55.     Here, Plaintiff alleges that Defendant Miramar Professional Services contacted her using a "telephone dialing system."  This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts.  First, each of the text message are available to the Court as screen-shot images that show that Defendant initiated the calls. Second, the calls are impersonal advertisements: they do not address Plaintiff personally and they advertise Defendant MANKIND DISPENSARY's illegal product. Third, Plaintiff declares that she has never heard of Defendant MANKIND DISPENSARY, visited any location operated by said Defendant prior to the harassing and annoying texts, nor provided her cellular telephone numbers to said Defendant or consented to receive texts from Defendant.  Plaintiff also has had no prior business relationship with Defendant.  Plaintiff had no reason to be in contact with Defendant MANKIND DISPENSARY nor has she ever purchased any kind of product or service. Plaintiff's allegations are sufficient to establish that Defendant used ATDS in sending their prerecorded solicitation messages.  Plaintiff does not take or use illegal drugs and therefore could not possibly purchase illegal drugs from Defendant.  Plaintiff spent nearly a year in the hospital recovering from cancer.

56.    In Plaintiff's case, the allegations establish that she did not give prior express consent.  She declared that she was "the regular user and subscriber to the cellular telephone number at issue."  She also declared that she has "never heard of [Defendant], visited any location operated by [Defendant], provided her cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]."  As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that she did not give prior express consent authorizing Defendant to send the prerecorded messages.

## VI. FACTUAL ALLEGATIONS

### A. Miramar Professional Services

57.    One of Miramar Professional Service's strategies for marketing its services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiff.

58.    One of Miramar Professional Services uses equipment that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers (each an "automatic telephone dialing system" or "ATDS").

### B. Plaintiff

59.    Plaintiff Jocelyn Segura is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**C. Telephone numbers** 619-847-3572

60.   A phone number beginning 619-847-3572 is registered to Ms. Segura.

61.   619-847-3572 is on the National Do Not Call Registry.

62.   Ms. Segura answers calls made to 619-847-3572.

63.   Ms. Segura pays the phone bills for 619-847-3572.

## VII. FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

64.   Plaintiff realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs.

65.   The foregoing acts and omissions of Miramar Professional Services and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to the cellular telephone number of Plaintiff without prior express written consent.

66.   The FCC has defined that a text message is the same as a telephone call under the TCPA. Chevron deference requires the Court to follow the FCC rule.

67.   The defendant in this matter is vicariously liable for the acts and actions of the lead source under the *Gomez* case from the US Supreme Court handed down on January 20, 2016. Discovery will reveal the name of the lead agent. MANKIND DISPENSARY controlled the lead agent and had actual knowledge of the TCPA violations.

68.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

69.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

70.    Plaintiff also seeks a permanent injunction prohibiting MIRAMAR PROFESSIONAL SERVICES and its affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without prior express written consent of the called party.

### VIII. SECOND CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Telephones, 47 U.S.C. § 227(b)(1)(B))

71.    Plaintiff Segura realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

72.    The foregoing acts and omissions of MIRAMAR PROFESSIONAL SERVICES and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making non-emergency prerecorded telemarketing calls to the personal telephone 619-847-3572 number of Ms. Segura without prior express written consent.

73.    Plaintiff Segura is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

74.    Plaintiff Segura is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

75.    Plaintiff Segura also seeks a permanent injunction prohibiting Miramar Professional Services, and its affiliates and agents from making non-emergency prerecorded telemarketing calls to residential telephone numbers without prior express written consent of the called party.

## IX. THIRD CLAIM FOR RELIEF

**(Telemarketing Solicitations to National Do Not Call Registrants, 47 U.S.C. § 227(c))**

76.    Plaintiff realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs.

77.    The foregoing acts and omissions of MIRAMAR PROFESSIONAL SERVICES and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. §64.1200(c)(2).

78.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

79.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

80.    Plaintiff also seeks a permanent injunction prohibiting MIRAMAR

PROFESSIONAL SERVICES and its affiliates and agents from making

telemarketing solicitations to residential and wireless telephone numbers listed on

the Federal Government's National Do Not Call Registry.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for this Honorable Court to enter judgment against

Defendant and for Plaintiff as follows:

A. Leave to amend this Complaint to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by MIRAMAR
     PROFESSIONAL SERVICES violate the TCPA;

C. For statutory damages in the amount of $5,000 per violation pursuant to
     California Penal Code §637.2(a)(1) or, if greater, three times actual
     damages as provided in California Penal Code §637.2(a)(2);

D. $500 plus threefold damages for intentional or willful violation of the Do-
     Not-Call Registry for each and every call;

E. For an injunction prohibiting all Defendant from ever contacting Plaintiff
     ever again in any manner whatsoever, including spam texting,
     robodialing, and spam emailing;

F. $1,500 for each violation of 16 CFR §610.4(b)(iii)(B) initiating a call to a
     DNC registered number;

G. $1,500 for each violation of 47 CFR §64.1601(3)  caller ID spoofing;

H. $1,500 for each violation of 47 CFR §64.1200(d)(1) failure to provide copy

   of written do not call policy;

I. $1,500 for each violation of 47 CFR §64.1200(b)(1) failure to state name of

   business at beginning of call;

J. $1,500 for each violation of 47 USC §227(b)(1)(A)(iii) willful or knowing

   call to cellular phone;

K. $1,500 for each violation of 47 USC §227(b)(1) for using an ATDS;

L. $1,500 for each violation of 47 USC §227(c) and (d) for calling a phone

   number on the DNC registry; and

M. For any other relief that the Court deems just and proper.

## XI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

   Dated:  May 23, 2019

                                    Jocelyn Segura,
                                    Plaintiff

# Exhibit A

# MANKIND

## ROLL YOUR OWN!

**GET READY FOR YOUR WEEKEND BBQ WITH PREMIUM CANNABIS AND ROLLING MATERIALS READY TO SHARE**



**BUY ANY 1/8TH OF FLOWER AND GET WAX INFUSED LIFT TICKETS FOR A PENNY AND A SMALL MANKIND GRINDER FOR $1**

It's BBQ time, Mankind has something special to help you be the backyard BBQ hero for all your friends. Reply STOP PX09 to cancel





# MANKIND

## ROLL YOUR OWN!

**GET READY FOR YOUR WEEKEND BBQ WITH PREMIUM CANNABIS AND ROLLING MATERIALS READY TO SHARE**



## BUY ANY 1/8TH OF FLOWER AND GET WAX INFUSED LIFT TICKETS FOR A PENNY AND A SMALL MANKIND GRINDER FOR $1

*VALID SATURDAY (5/18) AND SUNDAY (5/19)

7128 MIRAMAR RD #10     (858) 264-1871
SAN DIEGO, CA 92121     MANKINDCANNABIS.COM

**Mankind**
erll.co

I'm sorry how did you get my number?

Please contact the store for
assistance. Reply STOP to stop

**Text Message**
Sat, May 11, 11:31 AM



Weekend flash special at Mankind. Don't miss out. #bekind Reply STOP PX09 to cancel



Exhibit B

19-606918

**Secretary of State**
**Statement of Information**
(California Stock, Agricultural
Cooperative and Foreign Corporations)

**SI-550**

145

**FILED**
**Secretary of State**
**State of California**

**FEB 0 7 2019**

*NF*

IMPORTANT — Read instructions before completing this form.

**Fees (Filing plus Disclosure) – $25.00;**

Copy Fees – First page $1.00; each attachment page $0.50;
   Certification Fee - $5.00 plus copy fees

This Space For Office Use Only

**1. Corporation Name** (Enter the exact name of the corporation as it is recorded with the California Secretary of State. Note: If you registered in California using an assumed name, see instructions.)

Miramar Professional Services

**2. 7-Digit Secretary of State File Number**

C3822057

**3. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Executive Office - Do not list a P.O. Box<br>7128 Miramar Road, Suite 10 | San Diego | CA | 92121 |
| b. Mailing Address of Corporation, if different than Item 3a | | State | Zip Code |
| c. Street Address of Principal California Office, if any and if different than Item 3a - Do not list a P.O. Box | | State<br>CA | Zip Code |

**4. Officers**   The Corporation is required to list all three of the officers set forth below. An additional title for the Chief Executive Officer and Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| a. Chief Executive Officer/<br>First Name<br>James | Middle Name | Last Name<br>Schmachtenberger | | | Suffix |
|---|---|---|---|---|---|
| Address<br>7128 Miramar Road, Suite 10 | | City (no abbreviations)<br>San Diego | State<br>CA | Zip Code<br>92121 | |
| b. Secretary<br>First Name<br>Vera | Middle Name | Last Name<br>Levitt Casey | | | Suffix |
| Address<br>7128 Miramar Road, Suite 10 | | City (no abbreviations)<br>San Diego | State<br>CA | Zip Code<br>92121 | |
| c. Chief Financial Officer/<br>First Name<br>Dana | Middle Name | Last Name<br>Gagnon | | | Suffix |
| Address<br>7128 Miramar Road, Suite 10 | | City (no abbreviations)<br>San Diego | State<br>CA | Zip Code<br>92121 | |

**5. Director(s)**   California Stock and Agricultural Cooperative Corporations ONLY: Item 5a: At least one name **and** address must be listed. If the Corporation has additional directors, enter the name(s) and addresses on Form SI-550A (see instructions).

| a. First Name<br>James | Middle Name | Last Name<br>Schmachtenberger | | | Suffix |
|---|---|---|---|---|---|
| Address<br>7128 Miramar Road, Suite 10 | | City (no abbreviations)<br>San Diego | State<br>CA | Zip Code<br>92121 | |

b. Number of Vacancies on the Board of Directors, if any     **0**

**6. Service of Process** (Must provide either Individual OR Corporation.)

INDIVIDUAL — Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation)<br>Jessica | Middle Name<br>C | Last Name<br>McElfresh | | | Suffix |
|---|---|---|---|---|---|
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box<br>531 Encinitas Boulevard, Suite 111 | | City (no abbreviations)<br>Encinitas | State<br>CA | Zip Code<br>92024 | |

CORPORATION — Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) - Do not complete Item 6a or 6b |
|---|
| |

**7. Type of Business**

Describe the type of business or services of the Corporation
Retail Outlet

**8. The Information contained herein, including in any attachments, is true and correct.**

| 1/30/19 | Vera Levitt Casey | Secretary | *[signature]* |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

SI-550 (REV 01/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

19-606918

| Attachment to<br>**Statement of Information**<br>(California Stock and Agricultural<br>Cooperative Corporations) | SI-550A<br>Attachment |
|---|---|

**A. Corporation Name**

Miramar Professional Services

**B. 7-Digit Secretary of State File Number**

C3822057

This Space For Office Use Only

**C. List of Additional Director(s)** – If the corporation has more than one director, enter the additional directors' names and addresses.

| 5b. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Ebon | | Johnson | | |
| **Address** | **City (no abbreviations)** | | **State** | **Zip Code** |
| 7128 Miramar Road, Suite 10 | San Diego | | CA | 92121 |

| 5c. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Courtney | | Bernard | | |
| **Address** | **City (no abbreviations)** | | **State** | **Zip Code** |
| 7128 Miramar Road, Suite 10 | San Diego | | CA | 92121 |

| 5d. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Duane | | Bernard | | |
| **Address** | **City (no abbreviations)** | | **State** | **Zip Code** |
| 7128 Miramar Road, Suite 10 | San Diego | | CA | 92121 |

| 5e. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Dana | | Gagnon | | |
| **Address** | **City (no abbreviations)** | | **State** | **Zip Code** |
| 7128 Miramar Road, Suite 10 | San Diego | | CA | 92121 |

| 5f. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Kensuke | | Hanaoka | | |
| **Address** | **City (no abbreviations)** | | **State** | **Zip Code** |
| 7128 Miramar Road, Suite 10 | San Diego | | CA | 92121 |

| 5g. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| **Address** | **City (no abbreviations)** | | **State** | **Zip Code** |
| | | | | |

| 5h. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| **Address** | **City (no abbreviations)** | | **State** | **Zip Code** |
| | | | | |

| 5i. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| **Address** | **City (no abbreviations)** | | **State** | **Zip Code** |
| | | | | |

| 5j. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| **Address** | **City (no abbreviations)** | | **State** | **Zip Code** |
| | | | | |

SI-550A - Attachment (EST 11/2016)



2016 California Secretary of State<br>www.sos.ca.gov/business/be

Exhibit C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

JAMES EVERETT SHELTON,   :    CIVIL CASE
                      :
      Plaintiff(s)   :    Case No.  2:18-cv-02071
                      :
  v.                :    Philadelphia, Pennsylvania
                      :    May 1, 2019
FAST ADVANCE FUNDING, LLC :    Time 9:15 a.m. to 9:59 p.m.
                      :
      Defendant(s),   :
. . . . . . . . . . . . . .


TRANSCRIPT OF HEARING AND ORAL ARGUMENTS
BEFORE THE HONORABLE CHAD F. KENNEY
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiff:        Bryan Anthony Reo, Esq.
                      Reo Law LLC
                      PO Box 5100
                      Mentor, OH 44061

For Defendant:           John P. Hartley, Esq.
                      Complete Business Solutions Group
                      20 N. 3rd Street
                      Philadelphia, PA 19106

Court Recorder:          Christopher Kurek
                      Clerk's Office
                      U.S. District Court

Transcription Service:   Precise Transcripts
                      45 N. Broad Street
                      Ridgewood, NJ 07450

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

CERTIFICATE

I, Stephanie Garcia, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

May 10, 2019

1    MR. HARTLEY:  I do agree with you Your Honor.

2    THE COURT:  Right.

3    MR. HARTLEY:  It's just that --

4    THE COURT:  So, where were you asking for

5    discovery on that issue all along, where was your client

6    all along to participate in this case?  That's a question

7    you have to ask your client, I wondered all along where

8    your client was in this case.  Now they want to raise a

9    legal issue that requires some discovery, requires to ask

10   for discovery, now you come in and say, Judge it's, it's a

11   -- I want, I want my record, you had all this time to

12   create your record and make this argument, all this time

13   for me to, potentially, to decide this on summary

14   judgment, to go through all the, to go through all the law

15   and to make a decision, and now you don't have your

16   record.  And, that's not on me, that's not on the Court,

17   that's on your client.  And, I could see the attitude of

18   your client through your attorney in the Rule 16, that I'm

19   not going to just -- I'm, I'm -- we're not doing anything

20   with this because we don't believe in their case and it

21   looked as if they were like, because they're serial

22   litigant.  Well, the only way this, this act is going to

23   get any teeth in it at all is through a serial litigant.

24   So, I just don't understand why your, your client took

25   that approach and it's interesting to me from a visual

# Exhibit D

ELECTRONICALLY RECEIVED
Superior Court of California,
County of San Diego

**03/29/2018** at 11:25:34 AM

Clerk of the Superior Court
By Candace Schaeffer, Deputy Clerk

1  | Aqua Terra Aeris (ATA) Law Group
   | MATTHEW C. MACLEAR, SBN 209228
   | ANTHONY M. BARNES, SBN 199048
2  | 828 San Pablo Avenue, Suite 115B
   | Albany, CA 94706
3  | Telephone: (415) 568 5200
   | E-mail: mcm@atalawgroup.com
4  |

F I L E D
Clerk of the Superior Court

MAY 2 5 2018

By: G. Mendoza, Clerk

5  | **Attorneys for Plaintiff**
   | *Center for Advanced Public Awareness, Inc. ("CAPA")*

6  |

7  | SUPERIOR COURT OF THE STATE OF CALIFORNIA

8  | COUNTY OF SAN DIEGO

9  |

10 | **CENTER FOR ADVANCED PUBLIC**          No. 37-2017-00029735-CU-MC-CTL
   | **AWARENESS, INC.**, a California
11 | nonprofit corporation,                  **[STIPULATED] CONSENT JUDGMENT**

12 |                   Plaintiff,            (Health & Safety Code § 25249.6 *et seq.*)

13 |         vs.

14 | **MIRAMAR HEALTH SUPPLY**
   | **COOPERATIVE, INC.**, doing business
15 | as **MANKIND COLLECTIVE**, a
   | California corporation; and **DOES 1-25**,
16 | inclusive,
17 |                   Defendants.

18 |

## 1.   INTRODUCTION

**1.1**   On August 11, 2017, Plaintiff, Center for Advanced Public Awareness, Inc. ("CAPA"), a non-profit corporation, in the public interest as a private enforcer, commenced this action by filing a Complaint for Permanent Injunction, Civil Penalties and Other Relief (the "Complaint") pursuant to the provisions of California Health and Safety Code, section 25249.5 *et seq.* ("Proposition 65"), against Miramar Health Supply Cooperative, Inc., dba Mankind Collective ("Defendant") in San Diego County Superior Court Case No. 37-2017-00029735-CU-MC-CTL ("Action"). In this action, CAPA alleges that Defendant marketed, offered to sell, sold, and/or distributed for sale in the State of California marijuana intended for smoking, the

1 | unless specifically referred to herein shall be deemed to exist or to bind any Party as it relates to the
2 | allegations made in this action.

3

4

5 | 17.   **STIPULATED REQUEST FOR FINDINGS, APPROVAL OF SETTLEMENT AND**
6 |      **ENTRY OF CONSENT JUDGMENT**
7 |      This Consent Judgment has come before the Court upon request of the Parties for the Court
8 | to fully review its terms and to be fully informed regarding the matters which are the subject of this
9 | action, and to:

10 |     (1)   Find the terms and provisions of this Consent Judgment represent a fair and equitable
11 |         settlement of all matters raised by the allegations of the Complaint, that the matter has
12 |         been diligently prosecuted and that the public interest is served by such settlement;
13 |         and

14 |     (2)   Make the statutory findings required pursuant to Health and Safety Code section
15 |         25249.7, subdivision (f)(4), approve the settlement and approve this Consent
16 |         Judgment.

17

18 | ***IT IS SO STIPULATED.***

19 |                                  CENTER FOR ADVANCED PUBLIC
                                 AWARENESS, INC.

20 | DATED: ___3/26/18___

21 |                                  BY: _____

22 |                                    Clifford Brechner
                                 Executive Director

23

24 |                                  MIRAMAR HEALTH SUPPLY
                                 COOPERATIVE, INC., d.b.a MANKIND

25 |                                  COLLECTIVE

26 | DATED: ___3/23/18___

27 |                                    BY: _____
                                 Name: James Schmachtenberger

28 |                        - 15 -           CASE NO. 37-2017-00029735-CU-MC-CTL

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS111977
Cashier ID: asepulve
Transaction Date: 05/23/2019
Payer Name: SEGURA, JOCELYN
-------------------------------------
CIVIL FILING FEE
 For: SEGURA, JOCELYN
 Case/Party: D-CAS-3-19-CV-000971-DMS
 Amount:        $400.00
-------------------------------------
CASH
 Amt Tendered:  $400.00
-------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.